[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2005
THOMAS K. KAHN
CLERK

No. 04-16171
Non-Argument Calendar
_____

BIA Nos. A95-255-652
A95-255-602

MARTHA C. VELEZ-HOYOS,
GUSTAVO ADOLFO ARANGO-CANO,
ERIKA M. ARANGO-VELEZ,
MANUELA ARANGO-VELEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of
the Board of Immigration Appeals

_____

(August 18, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Martha Cecilia Velez Hoyos (Martha), Gustavo Adolfo Arango Cano (Gustavo), Erika Arango Velez (Erika), and Manuela Arango Velez (Manuela) petition for review of the Board of Immigration Appeals' (BIA's) dismissal of their appeal of the immigration judge's (IJ's) removal order, finding there was "no clear error in the [IJ's] adverse credibility finding."

Petitioners argue the BIA erred by denying their application for asylum and withholding of removal, and claim they presented substantial evidence they suffered past persecution from the Revolutionary Armed Forces of Colombia (FARC) on account of their political opinion. Petitioners further argue they established a well-founded fear of future persecution, because they claim the FARC have "explicitly" indicated their intent to kill them if they return to Colombia. We deny their petition.

## I. DISCUSSION

"The BIA's factual determinations are reviewed under the substantial evidence test, and this court must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. United States Attorney Gen.*, 388 F.3d 814, 817–18 (11th Cir. 2004) (internal quotations and citation omitted). "Credibility determinations likewise are reviewed under the substantial evidence test." *Id.* at 818. "The trier

of fact must determine credibility, and this court may not substitute its judgment for that of the BIA with respect to credibility findings." *Id.*

The asylum applicant carries the burden of proving statutory "refugee" status and thereby establishing asylum eligibility. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Uncorroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum and withholding of removal. 8 C.F.R. §§ 208.13(a), 208.16(b). The weaker an applicant's testimony, however, the greater the need for corroborative evidence. *In re Y-B-*, 21 I. & N. Dec. 1136, 1139 (BIA 1998). An IJ's adverse credibility determination alone may be sufficient to support the denial of an asylum application. *D-Muhumed*, 388 F.3d at 819. The BIA should provide "cogent reasons for [its] credibility determination," and such reasons should be "supported by substantial evidence in the record much like any factual determination." *Id.* (citations and internal quotations omitted).

To obtain withholding of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT) implementing regulations, a petitioner bears the burden of establishing he "more likely than not" would be tortured upon his return to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). "Torture" is defined as:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* at § 208.18(a)(2).

In their appeal, Petitioners do not directly challenge the BIA's adverse credibility determination, and consequently waive that issue. *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."). Instead, they argue they provided substantial evidence establishing past persecution and a well-founded fear of future persecution. The BIA's adverse credibility finding, however, was dispositive of Petitioners' claims. Accordingly, this Court can deny the petition based upon the unchallenged credibility finding.

Regardless, substantial evidence supports the BIA's adverse credibility finding. *See D-Muhumed*, 388 F.3d at 819. As noted by the BIA: (1) Martha testified that her involvement with a gubernatorial campaign began in 1999, but

later claimed her involvement began in June 2000; (2) Martha and Gustavo testified that he received two threatening telephone calls from the FARC in October 1999, but Martha's asylum application stated he received two anonymous threatening notes; (3) Martha's application stated they never found out who attacked Gustavo or why, but she testified the FARC attacked Gustavo because of her and Gustavo's political activities; (4) Martha and Gustavo testified that two individuals attacked him in December 1999, but a witness's affidavit indicated Gustavo was attacked by three individuals; and (5) Gustavo testified that the men who attacked him did not steal his bicycle, but a witness's affidavit stated Gustavo's bicycle was stolen. Moreover, although Martha stated in her asylum application that she owned a boutique from September 1994 through May 1997, and was "self-employed," "selling different items," from May 1997 through August 2001, she testified that she owned the boutique until she left Colombia. Furthermore, Martha's application lists two witnesses as the neighbors who brought Gustavo home after he was allegedly attacked, but she testified it was those two witnesses and a third witness, who, according to his affidavit, witnessed the incident. The number and type of discrepancies support the BIA's adverse credibility finding.

If an applicant "is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." *Al Najjar*, 257 F.3d at 1292–93 (quotations omitted). Because Petitioners failed to meet the lower standard of proof to show they were qualified for asylum, they did not establish they were entitled to withholding of removal, which has a higher burden of proof. Thus, the IJ did not err in denying their request for withholding of removal.

## II.  CONCLUSION

Petitioners failed to challenge the BIA's adverse credibility finding, which was supported by substantial evidence and dispositive of the petitioners' claims. Since Petitioners failed to meet the lower standard of proof to show they were qualified for asylum, they also failed to meet the standard of proof to show they were entitled to withholding of removal. Accordingly, we deny their petition.

PETITION DENIED.